IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM HOWARD THOMAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-60-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison disciplinary ruling. [ECF 3]. In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As petitioner cannot meet either prerequisite, his federal habeas corpus application should be denied.

Petitioner advises that on November 4, 2015, he was convicted in the 416th Judicial District Court of Collin County, Texas of the first degree felony offense of aggravated robbery. *State v. Thomas*, No. 416-80032-2015, 416-80033-2015. [ECF 3 at 2]. Review of the online Offender Information Detail maintained by respondent confirms petitioner was convicted of three (3) counts of aggravated robbery. The mandatory supervision eligibility statute in effect when petitioner committed his aggravated robbery offenses on August 29, 2014 and August 31, 2014 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has previously been convicted of . . . a first degree

felony under § 29.03[of the Texas Penal Code (Aggravated Robbery)]." Texas Gov't Code § 508.149(a)(12) (2014).[1]

In response to Question 15 of his form habeas application, petitioner also acknowledges that for his original conviction, there was a judicial finding that he used or exhibited a deadly weapon during the commission of his offense. [ECF 3 at 5]. The mandatory supervision eligibility statute in effect when petitioner committed his aggravated robbery offenses stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense for which the judgment contains an affirmative [deadly weapon] finding." Tex. Gov't Code § 508.149(a)(1) (2014). In response to Question 16 of his form habeas application, petitioner concedes he is not eligible for release to mandatory supervision. [ECF 3 at 5].

As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

---

[1]The Offender Information Detail also reflects a 2016 conviction for aggravated assault with a deadly weapon out of Dallas County, Texas, *State v. Thomas*, No. F-1361815-H, another offense which would render petitioner ineligible for release to mandatory supervision. Tex. Gov't Code § 508.149(a)(7) (2014).

In his habeas application, in response to Question 18 of the form, petitioner indicated he did not lose previously earned good-time days. [ECF 3 at 5]. As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included the forfeiture of **previously accrued** good time credits; thus, petitioner cannot receive federal habeas corpus relief. The punishment petitioner was assessed in the disciplinary proceeding, including recreation, commissary, phone and property restrictions, as well as the reduction in Line Class and custody level, merely constituted changes in the conditions of his confinement and did not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the Senior United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIAM HOWARD THOMAS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 16, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

...
...

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).